IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**JILL JANSKY**
426 Cherry Hill Drive
Madison, WI 53717

   Plaintiff,

  vs.

Case No. 19-cv-865

**WINGRA STONE COMPANY**
3003 Kapec Road
Madison, WI 53744-4284

   Defendant.

# COMPLAINT

Plaintiff, Jill Jansky, by her attorneys, Hawks Quindel, S.C., for her Complaint against Defendant, Wingra Stone Company, states as follows:

## PRELIMINARY STATEMENT

1. Plaintiff was employed by Defendant, Wingra Stone Company ("Wingra Stone"), from July 24, 2014 to August 22, 2019. During her employment, and within the three-year period preceding this Complaint, Plaintiff regularly worked hours over forty (40) in a workweek, and her primary job duty was not the performance of exempt work. Despite this, Plaintiff was paid a fixed salary and provided no additional compensation for overtime hours, in violation of the Fair Labor Standards Act ("FLSA"). Plaintiff seeks payment of overtime wages, an equal

amount in liquidated damages, and payment of attorney's fees and costs in bringing this action.

## PARTIES

2. Plaintiff, Jill Jansky, is an adult resident of the state of Wisconsin. At all times material to this matter, Plaintiff was an "employee" of Defendant as defined by 29 U.S.C. § 203(e)(1). Plaintiff's signed Consent Form is attached to this Complaint as Exhibit A and is incorporated herein by reference.

3. Defendant, Wingra Stone Company, is a domestic business with its principal office at 3003 Kapec Road, Madison, Wisconsin. Wingra Stone's registered agent for service of process is Robert M. Shea.

4. At all times relevant to this Complaint, Wingra Stone was the "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

5. At all times material to this Complaint, Wingra Stone has employed more than two employees.

6. Upon information and belief, at all times material to this Complaint, Wingra Stone has employees who are engaged in the production of goods for commerce.

7. Upon information and belief, at all times material to this Complaint, Wingra Stone has had an annual dollar volume of sales or business done of at least $500,000.

8. Upon information and belief, at all times material to this Complaint, Plaintiff was an employee engaged in interstate commerce, or the production of goods for interstate commerce, within the meaning of 29 U.S.C. § 203(s)(1)(A).

## JURISDICTION AND VENUE

9. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that Plaintiff's claims arise under the FLSA, 29 U.S.C. § 201, et seq.

10. Venue is proper in the Western District of Wisconsin under 28 U.S.C. § 1391 because Defendant operates a facility in this district and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## ALLEGATIONS

11. Defendant, Wingra Stone, provides construction aggregates and ready-mixed concrete for construction projects.

12. Defendant hired Plaintiff in July 2014.

13. Plaintiff's job title was "dispatcher," and many of the job duties she performed were clerical in nature.

14. For example, Plaintiff estimates that about half of her working time was spent weighing trucks and writing weight tickets.

15. One of Plaintiff's other job duties was putting together the schedule for delivery drivers. She generated schedules based on instruction from her manager, who told her which trucks needed to go on which deliveries and which drivers were available each day.

16. Plaintiff's other job duties included answering phones, taking field order calls, coordinating deliveries of construction materials, dispatching trucks on deliveries, and directing walk-in traffic.

17. Plaintiff's job duties did not involve the exercise of discretion or independent judgment with respect to matters of significance.

18. Plaintiff did not supervise other employees in the course of her employment.

19. Plaintiff was paid $981.60 per week, categorized on her paycheck as $24.50 per hour for forty (40) hours.

20. Even if Plaintiff worked more than forty (40) hours, she was paid the same amount each week.

21. From mid-March through December, considered "construction months" by Defendant, Plaintiff worked from 6:15 a.m. to 5 p.m. Monday through Friday.

22. In January, February, and early March, Plaintiff worked from 6:45 a.m. to 3:30 p.m. Monday through Friday.

23. At no time during her employment with Defendant was Plaintiff exempt from overtime or minimum wage payment under the FLSA.

24. During her employment with Defendant, Plaintiff was suffered and permitted to work hours over forty (40) in a workweek for Defendant and was not provided overtime compensation.

## CAUSE OF ACTION:
## FAILURE TO PAY OVERTIME WAGES
## IN VIOLATION OF THE FLSA

25. Plaintiff re-alleges and incorporates the preceding paragraphs as though set forth here in full.

26. The FLSA, 29 U.S.C. § 207, requires each covered employer to compensate all non-exempt employees at a rate of one-and-one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek.

27. During her employment with Defendant, Plaintiff's job duties were not those of a bona fide exempt administrative, executive, or professional employee.

28. During her employment with Defendant, Plaintiff was suffered and permitted to work hours over forty (40) in a workweek for Defendant without overtime compensation.

29. Defendant's practices violate the provisions of the FLSA, including, but not limited to, 29 U.S.C. § 207.

30. As a result of these unlawful practices, Plaintiff has suffered a wage loss.

31. Defendant's failure to pay Plaintiff overtime wages in violation of the FLSA was willful.

32. Plaintiff seeks damages in the amount of twice the unpaid overtime wages earned during her employment as well as attorney's fees and costs in bringing this action pursuant to 29 U.S.C. § 216(b).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant, awarding her:

A.     The overtime compensation owed to Plaintiff under 29 U.S.C. § 207 for the three-year time period prior to the commencement of this action;

B.     Liquidated damages in an amount equal to the amount awarded to her as overtime wage compensation as provided in 29 U.S.C. § 216(b);

C.     All attorney's fees incurred by Plaintiff in prosecuting this action and the costs of this action, as provided in 29 U.S.C. § 216(b); and

D.     Such other legal or equitable relief as this Court deems just and necessary to vindicate Plaintiff's rights under the FLSA.

Dated: October 21, 2019.

> HAWKS QUINDEL, S.C.
> *Attorneys for the Plaintiff*
>
> By:   */s/David C. Zoeller*
> David C. Zoeller, State Bar No. 1052017
> Email: dzoeller@hq-law.com
> Caitlin M. Madden, State Bar No. 1089238
> Email: cmadden@hq-law.com
> 409 East Main Street
> Post Office Box 2155
> Madison, Wisconsin 53703
> Telephone: (608) 257-0040
> Facsimile: (608) 256-0236